THE LAW OFFICE OF

# ELISA HYMAN, P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/21

September 2, 2021

**Via ECF**
Hon. Colleen McMahon, United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: *G.A. obo R.A. v. NYC Dep't of Educ., et al.*, 21-cv-4551 (CM)

Dear Judge McMahon:

I represent the Plaintiffs in the above-referenced case and am writing jointly to respectfully request an adjournment of the initial conference scheduled for September 9, 2021 and the corresponding submission of a Civil Case Management Plan ("CMP").[1]

As Your Honor may recall, this is an action appealing the underlying administrative decision in Impartial Hearing No. 174361, concerning the 2018-2019 school year pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, et seq. Unlike a straightforward appeal of an administrative decision, however, Plaintiffs also raise systemic claims under the IDEA and Section 504, as well as separate claims pursuant to the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the New York State Constitution, and New York State Education Law. In addition, Plaintiffs raise claims concerning the "stay-put"/pendency services that Defendants have provided, and are currently providing, to student R.A. pursuant to the IDEA, 20 U.S.C.§ 1415(j).[2]

The parties would like to continue to explore the possibility of settlement of this matter. Defendants have indicated that they will voluntarily provide service accounting information within the next two weeks, so that Plaintiffs can then craft a settlement demand. Moreover, as school is set to resume imminently, Plaintiffs submit that they may need to seek emergency assistance from Defendants for implementation of R.A.'s "stay-put" services to which the student is entitled during the pendency of these proceedings.

This is the parties' second request for an extension of time to submit a CMP and first request to adjourn the initial conference. The parties requested and were granted one prior extension of time to submit a CMP, as Defendants had not yet answered the complaint at that time.

---

[1] Plaintiff G.A. is the parent of R.A., a 9-year-old boy with autism.

[2] Because Plaintiffs submit that this case is not simply a traditional appeal of an administrative decision, Plaintiffs contend that discovery may be necessary. This is why the parties have not yet stipulated to a summary judgment briefing schedule as in traditional IDEA cases, per Your Honor's rules.

Docket Entries 18, 19. The parties propose a 45-day adjournment of the initial conference, with submission of a status letter and/or CMP one week prior the scheduled conference date.

      Thank you for Your Honor's attention to this matter.

                                         Respectfully submitted,

                                         *Erin O'Connor*

                                         Erin O'Connor, Of Counsel
                                         The Law Office of Elisa Hyman, P.C.
                                         Counsel for Plaintiffs

cc:     Copatrick Thomas
         Assistant Corporation Counsel
         (for Defendants)